# Mallon's Estate.

*Decedents' estates—Election by husband against wife's will—Acts of May 4, 1855, P. L. 430, and April 1, 1909, P. L. 87—Death of husband—Decree confirming election after husband's death.*

1. The right of the husband or wife in the estate of the other as against the will of the other, under the Acts of April 1, 1909, P. L. 87, and May 4, 1855, P. L. 430, depends on whether the decedent left issue and is in no wise affected by whether the survivor has issue.

2. Where a husband elects to take against his wife's will and an inventory and appraisement of the real estate is filed, but prior to the final decree confirming such appraisement and setting apart the property, the husband dies, his personal representatives succeed to his rights under such election.

Argued February 8, 1916. Appeal, No. 433, Jan. T., 1915, by Elizabeth C. Kane as legatee and devisee and as executrix, from the decree of O. C. Del. Co., dismissing exceptions to adjudication in Estate of Annie T. Mallon, Deceased. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication.

BROOMALL, J., filed the following opinion:

Annie Mallon died on January 22, 1915, leaving a will. Owen Mallon, her surviving husband, on January 26, 1915, elected to take against her will, and made claim to real and personal property to the value of five thousand dollars, under the Act of April 1, 1909, Sec. 1, Art. II, P. L. 87, Stewart's Purdon, Vol. 5, page 5621, pl. 3. Annie Mallon died without issue, but at the time of her death, Owen Mallon had issue by a former marriage. Subsequently to exercising his election and after August 7, 1915, but prior to September 23, 1915, Owen Mallon died. An appraisement of real and personal property of the decedent was made and filed, amounting to two thousand four hundred and ninety-six dollars and seventy-five cents, which Owen Mallon elected to retain. The petition of Owen Mallon was presented on August 7, 1915, praying for a decree approving the appraisement, and setting aside the said property to him.

Elizabeth Kane, executrix of the will of Annie Mallon has filed exceptions to the allowance of the said petition, because, first, Owen Mallon had children by a former wife, who survived the decedent, and, second, because Owen Mallon died after making his election, but prior to final decree, confirming the appraisement and setting apart of the property to him.

We think neither of these exceptions can be sustained.

Upon the first exception, by the Act of May 4, 1855, P. L. 430, Stewart's Purdon, Vol. 3, page 2460, pl. 64, "The power of any married woman to bequeath or devise her property by will shall be restricted as regards the husband, to the same extent, as the husband's power so to dispose of his property is restricted, as regards the wife, namely: so that any surviving husband may against her will, elect to take such share and interest in her real and personal estate as she can, when surviving, elect to take against his will in his estate."

She may take against his will under the 11th Section of the Act of April 11, 1848, P. L. 536, Stewart's Purdon, Vol. 4, page 5148, pl. 30, her share of the personal estate under the intestate laws.

By the Act of April 1, 1909, Sec. 1, Art. 2, P. L. 87, Stewart's Purdon, Vol. 5, page 5621, pl. 3, a widow is entitled to five thousand dollars of real and personal estate or both. "When such intestate shall leave a widow and collateral heirs, or other kindred, but no issue." The right of the widow is made to depend on whether her deceased husband left issue, not on whether she has issue. So conversely the right of the husband is made to depend on whether the wife left issue, not on whether he has issue. In addition to this five thousand dollars of property, they each can take against the will of the other under the Act of 1909, where there is no issue, one-half of the remaining real estate for life and one-half of the remaining personal property absolutely. Hence this wife dying without a will as to her husband, although testate, without issue, this husband is entitled to five thousand dollars' worth of her property, and one-half of her remaining real estate for life, and one-half of her remaining personal estate absolutely, and all this under the Act of 1909.

If this husband had died first, she would not, it is true, have been entitled to five thousand dollars, under the Act of 1909, and hence construing the Act of 1855, by its

application to this particular case, and guided by the words "so that any surviving husband may against her will elect to take such share and interest in her real and personal estate as she can, when surviving, elect to take against his will in his estate," it would follow that he would not be entitled to this five thousand dollars.   But these words have received judicial construction in Seltzer's Est., 189 Pa. 574, and are subordinated to the paramount intent, expressed in the former part of the act in the words "the power of any married woman to bequeath or devise her property by will shall be restricted as regards the husband to the same extent as the husband's power so to dispose of his property is restricted as regards the wife."   In other words, the right of the husband or wife in the estate of the other, as against the will of the other depends on whether the decedent left. issue, and is in no wise affected by whether the survivor had issue, and to this extent they are put on a parity. This decision was before the Act of 1909, but the portion in the Act of 1909, passes as a descent: Guenthoer's Est., 235 Pa. 67; Moore's Est., 50 Pa. Superior Ct. 76, and the same principles apply; Gilbert's Est., 227 Pa. 648.   Our conclusion is in accord with that reached by Judge STEEL, in Reamer's Est., 4 Lehigh County L. J. 331.

The second exception which relates to the effect of the death of Owen Mallon, after electing against his wife's will, but before a decree confirming the appraisement and setting the property apart to him, has been determined against the exceptant in Buckland's Est., 239 Pa. 608.

*Error assigned* was in dismissing exceptions to the decree of the court.

*Albert Dutton MacDade,* for appellant.

*John E. McDonough,* for appellee.

PER CURIAM, March 13, 1916:

The decree is affirmed on the opinion of the learned court below.